# LEA BOW *v.* YOUNG YUNG and C. LAI YOUNG.

### APPEAL FROM DISTRICT COURT OF HONOLULU.

SUBMITTED MARCH 21, 1899.          DECIDED APRIL 17, 1899.

### JUDD, C.J., FREAR AND WHITING, JJ.

In trading and commercial partnerships there is a general presumption that one partner has authority to give notes in the name of the partnership. In other partnerships the presumption is generally the other way, but this presumption may be rebutted by proof of authority, express or implied.

### OPINION OF THE COURT BY FREAR, J.

This is an action for $64 and interest upon a promissory note for $70 (upon which $6 had been paid) given to the plaintiff by one of the defendants in the name of the partnership composed of both defendants. The defense was that one partner had no authority to give a note in the name of the firm. The District Magistrate found for the plaintiff and the case now comes here on defendant's appeal on points of law.

The general rule is that each partner is an agent of the partnership with implied authority to act for the firm in all matters within the scope of its business. In trading or commercial partnerships there is in general a presumption of law that each partner may give notes in the name of the firm, for the reason that the giving of such notes is within the usual course of mercantile transactions. In non-trading partnerships the presumption is generally the other way and in order to hold such a firm upon a note given in its name by one partner it must be shown as a question of fact that such authority existed or that the act

has been ratified. In such case there may be shown express authority or authority implied from its necessity to the successful conduct of the business or from the usage of similar firms or the usage of the particular firm. Plaintiff's counsel contend that this distinction between trading and non-trading concerns is obsolete, but such does not seem to be the case. It is supported by all the text books and by many recent cases. It is. true that there are some cases the other way; also that there is no hard and fast line to be drawn between different kinds of partnerships. But there does exist a difference as to presumptions arising from the nature of different kinds of partnerships and as to the necessity of proof of authority and the extent of evidence required or sufficient to constitute proof. See among the numerous authorities the following: 1 Bates, Partnership, Sec. 341 *et seq.*; Tied., Com. Paper, Sec. 96 *et seq.*; *Dowling v. Exchange Bank*, 145 U. S. 512; *Pease v. Cole*, 53 Conn. 53; *Vetsch v. Neiss*, 66 Minn. 459 (69 N. W. 315).

In the present case one partner knew nothing of the note made by the other until just before suit. There was no ratification. It is claimed that part of the money borrowed was not applied to partnership purposes, but this would make no difference if there existed authority to make the note. There was no express authority. On the contrary, the articles of copartnership provided that neither partner should make any note without the consent of the other. These articles were not recorded and while the plaintiff can find nothing therein to sustain him yet he is not bound by anything therein of which he had no knowledge. The partners were conducting business as rice planters. This clearly belongs to the class of non-trading businesses. The presumption is that neither partner had authority to give a note on behalf of the firm. There is no evidence to show that the giving of notes by one partner in the partnership name is usual in the business of rice planting or had become a practice of this particular firm, or was necessary to the successful conduct of its business, and the court cannot say of its judicial knowledge that there is a general usage of this kind

in the rice planting business here. Indeed, defendants' counsel contends that the usual course is for rice planters to have an agent who attends to financial matters and that the partners do not give notes. The evidence shows that the partnership in this instance had an agent. The District Magistrate seems to have been of the opinion that as matter of law each partner could make notes binding the partnership. In our opinion this was error.

The judgment appealed from is reversed and the case remitted to the district court for a new trial.

*Robertson & Wilder* for plaintiff.

*L. A. Dickey* for defendants.