H. M. MIST *v.* S. M. W. KAWELO and W. R. CASTLE,. Trustee.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED JANUARY 3, 1901.          DECIDED MARCH 5, 1901..

FREAR, C.J., AND GALBRAITH; J.    (PERRY, J., DISQUALIFIED.)

1.  Control of the order of offering or introducing testimony is within the discretion of the trial court and rulings thereon not proper subject of exception unless abuse is shown.
2.  The provisions of Sec. 1029, Compiled Laws, authorizing execution to issue from the Supreme Court on judgment of police and district courts must have been strictly followed in order to sustain execution and sale of real property thereunder.

OPINION OF THE COURT BY GALBRAITH, J.

The plaintiff filed a suit in ejectment in the Circuit Court of the First Circuit and at the hearing before the court, Jury waived, judgment was rendered in his favor. The defendants come to this court on exceptions alleging numerous errors.

It appears from the record that the parties to the action attempted to trace title to a common source through one Mikasobe; that the plaintiff claims through a deed from Mikasobe dated November 1st, 1897; that the defendants' claim to title is based on a deed from the marshal of the kingdom dated August 3d, 1888, under a sale made on execution issued by Clerk of the Supreme Court, on what is claimed to be, a certified copy of a judgment and execution of the Police Court of Honolulu against Mikasobe.

It will not be necessary to take up the several exceptions and

pass upon them separately since a ruling on two or three of them will dispose of the case.

Exception was taken to the ruling of the court directing that the defendants should introduce their testimony sequentially; that in offering proof of title they should proceed in logical order. This ruling was clearly within the discretion of the trial court, and as there does not appear to have been any abuse of discretion; it is not a proper subject of exception. 1 Greenleaf on Ev. Sec. 431; *Merricourt v. Ins. Co., ante.* 218.

Again it is alleged that the court erred in sustaining objection to the admission in evidence of what is designated as "Law Record No. 2664, J. M. Monsarrat v. Mikasobe," same being the record of the Supreme Court of Hawaii on which the execution and sale was made by which, it is claimed, Mikasobe was divested of the title to the land in dispute. It appears that J. M. Monsarrat obtained judgment in the District Court of Honolulu on the 22d day of June, 1888, against the said Mikasobe, caused execution to be issued on same day and returned five days later *"no personal property found"* and attempted to file copy of this judgment and execution with the Clerk of the Supreme Court and caused execution to issue from the Supreme Court on which the levy and sale was made and marshal's deed executed to the defendants' grantor.

Sec. 1029, (Compiled Laws), in force at that time, provided, relative to police court executions, that when a sufficient amount of property belonging to the defendant in execution cannot be found within the jurisdiction of the justice issuing the execution and the same is returned unsatisfied the plaintiff in execution may, *"upon procuring a certified copy of the judgment and execution in the court below,"* cause same to be docketed in the office of the clerk of the Supreme Court and sue out an execution from the Supreme Court, available against the property of the defendant wherever situated in the islands. The proper practice under this statute, it seems, as suggested by the court in *Lindsay v. Kainana,* 4 Haw. 165, in cases where the real estate was situated within the jurisdiction of the justice issuing the execution, as was true in the case at bar, would have been after

filing the certified transcript of the judgment and execution with the clerk of the Supreme Court, to have caused an alias execution to issue from the police court at Honolulu and the levy and sale to be made thereunder. However this may be, it is not necessary to decide, as the question is not raised in this case.

The action taken by the defendants' grantor was a statutory proceeding by which it was attempted to divest defendant in execution, Mikasobe, of the title to his property. We take the law to be well settled that in such proceedings the provisions of the statute must be strictly followed. *Lindsay v. Kainana*, 4 Haw. 168; *O'Brien v. O'Brien*, 42 Mich. 16; *French v. Edwards*, 13 Wall. 506. The authority of the clerk of the Supreme Court to issue the execution against Mikasobe, to enforce the judgment of the police justice of Honolulu, depended upon the filing of a "certified copy of the judgment and execution," and upon the existence of such other facts as the statute prescribed. "Unless it can be shown that the law was substantially complied with, the act of the clerk is regarded as without authority, and therefore void." Freeman on Exec., 3d Ed. Sec. 14.

The certified copy of the judgment and execution relied on by the defendants to sustain title is as follows:

"Police Court of Honolulu,
Friday, June 22, 1888.

J. M. Monsarrat
Trustee for S. A. Monsarrat                    Action on a Note
       *v.*                                        for $100.
    Mikasobe.

Judgment for plaintiff with interest .............$ 134.34
Attorney's commission ........................      10.80
Costs . . .....................................       4.70
                                                   ————————
                                             $  149 84

I do hereby certify the above to be a true copy of the record of the above entitled cause in the Police Court of Honolulu.
David Dayton,
Police Justice of Honolulu.

June 22, '88."

This certificate is on the same sheet of paper as the abstract of judgment. The second sheet of this record is a blank and the third is what is claimed to be a copy of the execution issued from the police court. These sheets are fastened together and presented as one record. The execution is marked "Copy." There is no pretense of a certificate attached to it or endorsed thereon. The judgment can scarcely be considered more than an abstract, still it is possibly as full as the form used by the police court at that time. Aside from the fact that this "Judgment" fails to show either an appearance by or personal service on the defendant, we cannot say that this record is even a substantial compliance with the provisions of the statute. In order to justify the transfer of title to real estate under this statute it is not only necessary that a certified copy of the judgment of the lower court, but also a certified copy of the *execution* issued thereon, be filed with the clerk of the Supreme Court. We understand that it is a necessary step in the proceeding and one of equal importance that the execution be certified as well as the judgment. Certified copies of each filed are made conditions precedent to the rightful issue of execution by the clerk of the Supreme Court. If either be wanting the authority for the clerk's action under the statute fails and his acts are void. No title to property passed under a sale on execution so issued. A title claimed under such a sale may be attacked in a collateral as well as in a direct proceeding.

An additional reason in support of the ruling of the trial court in excluding this record would be that it fails to show the existence of one jurisdictional fact necessary to authorize the filing of the police court record and the issuance of execution by the clerk of the Supreme Court, to-wit: That no property, or not a sufficient amount of property, belonging to the defendant in execution could be found within the jurisdiction of the police court of Honolulu. The statutes prescribed as a condition precedent to the existence of the right to file certified copy of judgment and execution of lower court with the clerk of the Supreme Court and to cause execution to issue thereon from the higher court, that, "no property, or not a sufficient amount of property,

belonging to the defendant in execution, can be found within the jurisdiction of the judge or justice issuing the execution," Sec. 1029 C. L. It must appear that *no property*, belonging to the defendant in execution could be found within the jurisdiction of the police court of Honolulu. A showing that no *personal property* was found will not satisfy the statute. The alleged copy of the execution filed with the clerk of the Supreme Court would show if it had been admitted in evidence by the return endorsed thereon, that *"no personal property"* could be found belonging to the defendant "within the district." This showing is not sufficient under the statute especially in connection with the affirmative evidence presented by the record: that the execution was issued from the police court on June 22d, and returned on June 27th, and that on the following day execution issued from the Supreme Court and was afterwards levied on property (real estate) belonging to the defendant in execution within the jurisdiction of the police court of Honolulu. This is really an affirmative showing by the record itself that the execution was issued from the Supreme Court without authority of law.

A further consideration of defendants' exceptions will be unnecessary as under the foregoing views of the law they could in no event recover the premises in dispute.

The exceptions are overruled.

*Hatch & Silliman* for plaintiff.

*W. R. Castle, P. L. Weaver* and *E. Johnson* for defendants.