YEE CHIN, SHAR LUM, YEE PING, TOM HEE, TONG KI, CHOI KEE, TONG WAI and CHONG KEE, partners under the name of WO SING COMPANY, *v.* CHU SOI, CHUM PUI FAT, CHUM YEE FAT, YEE YET CHU and YOUNG AH NIN, partners under the name of KWONG MAU WAI COMPANY.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED JUNE 22, 1904.          DECIDED JULY 11, 1904.

FREAR, C.J., HARTWELL AND HATCH, JJ.

PARTNERSHIP—*authority of partner to sign, allegation of.*

In an action on a note signed in a partnership name by one partner, it need not be alleged that the partner had authority to sign or

that the partnership was a trading partnership.  An allegation that the defendant partners made and delivered the note, etc., is sufficient.

## OPINION OF THE COURT BY FREAR, C.J.

This case is similar to that of the same plaintiffs against Kwong Chong Wai Co., *ante,* p. 17, except that the amount of the balance for goods sold and delivered, after crediting the $1000 note, is $1556.64.

The decision in that case disposes of similar questions raised in this case, except that the last question in that case is not raised in this case and one question is raised in this case that was not raised in that case, namely, by an exception based on the ground that the complaint did not allege that the note was the obligation of the defendant partners or that they were a trading or mercantile partnership or that the partner who signed the note in the firm name was authorized to do so,—the exception being founded on the presumption referred to in *Lea Bow v. Young Yung,* 11 Haw. 772, that a member of a non-trading partnership did not have authority to sign notes for the partnership.

According to the transcript of the proceedings and evidence this exception apparently was taken to a denial of a motion for judgment on the pleadings, but according to the bill of exceptions it was taken to the overruling of an objection to the admission of any evidence in the case.  In either case it was based on the want of allegations in the complaint.  It was unnecessary for the complaint to contain the allegations suggested.  The allegation that the defendants made and delivered the note, etc., was all that was required in this respect.  The authority of a partner to sign a note for the partnership was a matter of proof. The defendants' objection to the admission of the note as incompetent was too general.

The exceptions are overruled.

*Thayer & Hemenway* for plaintiffs.

*Castle & Withington* and *W. L. Whitney* for defendants.