## H. KAPELA *v.* R. L. GILLILAND.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

HON. T. B. STUART, JUDGE.

ARGUED JUNE 29, 1915.                    DECIDED JULY 10, 1915.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

LIMITATION OF ACTIONS—*statute must be pleaded.*
  Under rule 4 of the circuit court of the first judicial circuit
the statute of limitations, as a defense in personal actions, must
be specially pleaded, and the bar of the statute cannot be first
urged by a motion for a nonsuit or by objection to the admission
of evidence.

ASSUMPSIT—*defense of payment—non-prejudicial error.*
  Where in an action of assumpsit for money had and received
the answer is a general denial unaccompanied by notice of defend-
ant's intention to rely upon the defense of payment, and on the
trial the defendant testifies that he received the money sued for,
the admission in evidence of hearsay testimony tending to prove
that defendant had not paid back such money is non-prejudicial
error of which defendant will not be heard to complain.

OPINION OF THE COURT BY WATSON, J.

This is an action in assumpsit in which the circuit court,
jury waived, gave judgment for the plaintiff for $85.70. Plain-
tiff's declaration contains three counts as follows: (1) for
money had and received by the defendant from the Ekalesia
Hoolepope o Waianae (The Protestant Church of Waianae) on
the 14th of February, 1903, the claim for which was assigned
to plaintiff, and alleging an agreement by the defendant, made
on September 10, 1914, to pay the said sum; (2) an account
stated on September 10, 1914; (3) money had and received by
the defendant to and for the use and benefit of the Ekalesia
Hoolepope o Waianae, a promise to pay the same on September
10, 1914, and an assignment of the claim to the plaintiff. The
answer filed by defendant was a general denial.

At the trial the plaintiff gave in evidence a receipt reading as follows:

"Waianae, February 14, 1903.

"Received from S. K. Hui, chairman of committee of Ekalesia Hoolepope o'Waianae, for deposit $85.70 dollars.

"R. L. GILLILAND."

The defendant, being called as a witness on behalf of plaintiff, identified this receipt as having been given by him and testified that when he gave the receipt he had the money and that he had not paid the money back either to Hui or the church. (Transcript p. 7.) Later on cross-examination the defendant testified that he received the money at the time he gave the receipt but that he had paid it back. (Transcript p. 7.) Defendant's financial transactions with the church were numerous, covering a long period of time, but he kept no books of account and was unable to produce any receipt showing repayment by him of the amount covered by his receipt of February 14, 1903. On his re-direct examination he testified that he had no independent recollection of this particular item, but that he knew he did not owe the church a cent.

There was also given in evidence by plaintiff a written assignment of this claim to himself as follows:

"On motion of S. P. Kaahaaina it was resolved that the claim against R. L. Gilliland of $85.70 with interest from February 14, 1903, for money deposited by S. K. Hui belonging to the church, be assigned to H. Kapela for collection by law or otherwise, as Mr. H. Kapela may determine."

"For value received the above and foregoing claim is assigned to H. Kapela for collection.

"S. P. KAAHAAINA,

"Treasurer.

"Dated this 9th day of January, A. D. 1915,"

and also the charter of incorporation of the Waianae Protestant Church. The defendant comes to this court on exceptions which go to the admission of certain evidence both oral and document-

ary, the denial of defendant's motion for a nonsuit, and to the decision and judgment of the lower court.

The assignment was objected to on the ground that it was incompetent, irrelevant and immaterial and indefinite and uncertain in that it did not show any proper authorization for the transfer of any claim belonging to any particular church. We are of the opinion that the testimony of the plaintiff was sufficient to show that the claim referred to was that evidenced by the receipt now sued on.

The receipt in evidence of the charter of incorporation of the church was objected to on the ground that it was incompetent, irrelevant and immaterial, which objection was overruled and the document received in evidence. Inasmuch as the plaintiff claimed by assignment from the incorporated body we think this evidence was properly admitted as going to show plaintiff's title —his right of action upon the claim. It is contended in this court that there is no showing in the record of any assignment to the corporation of the alleged debt. The point does not appear to have been raised in the court below, and there was certainly no sufficient objection to the introduction of the charter in evidence to permit counsel for the defendant to raise the question in this court under this exception. The charter was relevant for the purpose for which it was offered, as showing a link in plaintiff's chain of title, and the court was justified in receiving it on the assumption that it would later be connected up. 3 Wigmore on Evidence, §1871. The evidential fact offered had an apparent connection with the case and the order of proof is necessarily subject to the discretion of the trial court. *Mist* v. *Kawelo,* 13 Haw. 302; *Territory* v. *Armstrong,* 22 Haw. 526. And assuming, without deciding, that plaintiff later failed to connect up his chain of title, a motion to strike the evidence theretofore received would have been an adequate remedy. A motion for a nonsuit on the ground of failure of proof or an exception to the decision as being contrary to the evidence would have raised the question as to the alleged failure of proof and secured a ruling

from which an exception would properly lie. But defendant did not adopt any or either of these methods to bring the question before this court.

The third exception is to the ruling of the court in permitting the plaintiff Kapela to testify that the money deposited with the defendant belonged to the church before it was incorporated and "belongs to the church now." This testimony was objected to on the ground that it was a conclusion of the witness. The witness having testified that he was chairman of the board of trustees of the Waianae Protestant Church, and it appearing from the assignment of the claim to him that it was so assigned for the purpose of collection, we think there was no error in permitting this evidence to go in.

Of the remaining exceptions several relate to the admission of testimony which was objected to on the ground that it appeared therefrom that plaintiff's claim was barred by the statute of limitations; also at the close of plaintiff's case defendant moved for a nonsuit on the sole ground that it appeared that the statute of limitations had run. As to this group of exceptions it is sufficient to say that rule 4 of the circuit court of the first judicial circuit, which has the force of law, provides that "In personal actions, the statute of limitations shall be specially pleaded; and no defendant shall be allowed to set up by way of defense to the plaintiff's claim, any illegality, * * * payment * * * unless he shall, on filing his answer, give notice within his answer or at the foot thereof, of his intention to rely upon the same." It is well settled that the statute of limitations cannot be first urged by a motion for nonsuit or by objection to the admission of evidence. 25 Cyc. 1405. "The objection that the action is barred cannot be taken to the admissibility of evidence when the statute has not been pleaded." *Meeks* v. *Hahn,* 20 Cal. 621.

Other exceptions relate to the admission of testimony tending to prove that defendant had not paid back the money to the church. This testimony was objected to on the ground that it

was hearsay.   In view of the fact that the defendant himself
testified both on direct and cross-examination, when on the stand
as a witness for the plaintiff, that he had the money at the time
he gave the receipt for it (transcript p. 7), and in further view
of the fact that he had given no notice in his answer that he
intended to rely upon the defense of payment (in compliance
with the provisions of rule 4, supra), it cannot be said that the
defendant was prejudiced by the rulings of the court admitting
this testimony.   "Payment is an affirmative defense which can-
not be relied upon unless expressly pleaded, and cannot be shown
under a general denial. * * * In some states notice of payment
under a general issue takes the place of a special plea and sup-
plies its place."   30 Cyc. 1253, 1254.

The two last exceptions—one to the decision of the lower
court and the other to the judgment entered thereon (neither
of which states the ground of defendant's objection)—are too
general and indefinite to be considered.   *Scott* v. *Kona Devel-
opment Co.,* 21 Haw. 258; *Ripley & Davis* v. *Kapiolani Estate,*
22 Haw. 507, 509.

We are of the opinion that the exceptions should be overruled
and it is so ordered.

Exceptions overruled.

*C. C. Bitting* (*Bitting & Ozawa* on the brief) for plaintiff.
*J. Lightfoot* for defendant.