## HEE FAT *v.* WONG KWAI, CHING SHAI, CHING CHU, HEE CHO AND CHOY KNOG.

### No. 901.

ERROR TO CIRCUIT COURT, FIRST CIRCUIT.

HON. T. B. STUART, JUDGE.

ARGUED MAY 8, 1916.                    DECIDED JUNE 5, 1916.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

BILLS AND NOTES—*statute of limitations—motion for nonsuit.*

In an action on a promissory note where evidence is received on behalf of plaintiff tending to prove a payment which would prevent the running of the statute of limitations, such evidence not being objected to on any proper ground, a motion for a nonsuit on the ground that the claim is barred by the statute of

limitations, is properly denied although such payment has not been pleaded.

WITNESSES—*proof of handwriting.*

A witness who is called on to prove handwriting merely by comparison of hands must be shown to be an expert and it is error to permit one who has not qualified as such to testify as an expert.

PARTNERSHIP—*nontrading—power of members to execute notes.*

In order to hold a nontrading partnership upon a note given in the firm name by one partner it must be shown as a question of fact that authority to execute the note existed, or that the act has been ratified (*Lea Bow* v. *Young Yung*, 11 Haw. 772).

OPINION OF THE COURT BY WATSON, J.

This is an action on a promissory note. There was a verdict of the jury in favor of the defendants and the plaintiff brings the case to this court by writ of error. Plaintiff's complaint in substance alleges that on the 5th day of January, A. D. 1903, the defendants, then being partners under the firm name of Lan Hing Wai Co., for value received, made, executed and delivered under said firm name to Hee Fat (plaintiff in error herein) a certain promissory note in writing of that date, by which said defendants (defendants in error here) promised to pay to the order of the said plaintiff the sum of $6000 in annual instalments of $1000 each, as provided in said note, a copy of which was annexed to plaintiff's complaint. (The note is signed "Lan Hing Wai Company, by Wong Kwai, Manager.") The complaint further alleges that the said note is due and wholly unpaid, and that defendants, although payment thereof has been demanded of them, have wholly failed to pay said note or any part thereof or any interest thereon except the sum of $300 paid as interest on the 6th day of August, 1903, and $200 paid as interest on the 13th day of January, 1904. Plaintiff prays for judgment against the defendants in the sum of $6000 together with costs, interest and attorney's commissions. To this complaint two of the defendants,

Ching Shai and Hee Cho, filed their answer of the general issue and demanded a jury trial. Thereafter said defendants' answer was amended by adding thereto the notice that the defendants relied on the defense of the statute of limitations. Upon the trial of said action the jury rendered a verdict in favor of the defendants upon which judgment was thereafter duly entered.

An inspection of the transcript of the testimony discloses that the controverted facts in this case are (1) the existence of the partnership; (2) the consideration or lack of consideration for the giving of the note, and (3) Wong Kwai's authority to execute the note. The determination of these issues was submitted to the jury upon a mass of conflicting evidence, and their verdict precludes inquiry into the relative weight thereof. The judgment on this verdict must therefore stand unless a material error can be shown in some ruling of the court made during the progress of the trial and duly excepted to.

Before taking up the assignments of error it may be well to notice the contention of counsel for defendants in error that their motion for a nonsuit should have been granted in the court below. The principal ground of this motion, and the one relied on in this court, is that plaintiff in error's claim was barred by the statute of limitations. Assuming, without deciding, that the mere giving of notice by defendants in their amended answer that they intended to rely upon the statute of limitations as a defense was a sufficient pleading of the statute under rule 4 of the circuit court of the first judicial circuit to enable them to urge the bar of the statute by a motion for a nonsuit (see *Kapela* v. *Gilliland*, 22 Haw. 655), we are of the opinion that the motion was properly denied. It appeared from the plaintiff's evidence, to which no proper objection was made, although not pleaded, that the sum of $100 was paid on account of the note on the 8th of February, 1909, and even

under the theory of counsel for defendants in error, that plaintiff's cause of action accrued on January 5, 1904, when default was made in the payment of the first instalment due, this payment was sufficient to take the claim out of the statute of limitations. *Warren* v. *Nahea,* 19 Haw. 382. The complaint herein was filed on September 20, 1912.

Certain of the assignments of error go to the action of the court in permitting Tom Ayoy and Hee Kwock, witnesses for the defendants, to testify as experts as to handwriting by comparison, without first qualifying as experts, as appears by assignments Nos. 7 and 9. The Chinese writings concerning which these witnesses testified were contained in a book (plaintiff's exhibit E). This book had been identified and introduced in evidence as one of the account books of the Lan Hing Wai Company, in which was shown the account between said company and Hee Fat. The book contained entries showing that Hee Fat had from time to time advanced moneys to said company amounting to $6166.31, and that the note sued on was given to cover this indebtedness. Wong Tai Look, one of the witnesses called by plaintiff, testified that this book (plaintiff's exhibit E) was all in the handwriting of the bookkeeper of the Lan Hing Wai Company, with the exception of one entry that was made by himself (the witness), the bookkeeper (Chun Kiang Hom) being dead at the time of the trial. The items contained in this account aggregating over $6100, for moneys claimed to have been advanced to the Lan Hing Wai Company by plaintiff, according to the testimony of the witness Wong Tai Look, constituted the consideration for the giving of the note sued on. The witness Tom Ayoy testified that he had been employed as a clerk in a trust company for about nine years; that he was more or less experienced in reading and writing the Chinese language; that he sometimes read Chinese letters, Chinese newspapers and books; that he received letters from friends and rela-

tives, sometimes once a month and sometimes he got a lot; that he did not think he was efficient in distinguishing between writings of different persons because he had dropped the writing of the Chinese language for the past two or three years; that he thought he could distinguish Chinese handwritings. The witness Hee Kwock testified that he had been engaged in the butcher business for four or five years; that he knew how to read and write Chinese; that he used Chinese writing and reading in his business; that during the years from 1905 to 1912 he had worked for Hee Fat and that he used Chinese characters in keeping books and taking care of his business; that he could look at Chinese manuscripts and tell whether they were written by the same or different persons. Having testified as above the witnesses Tom Ayoy and Hee Kwock were permitted by the court, over the objection of the plaintiff, to testify as experts in the comparison of handwriting and to state their opinions that certain pages in the book (plaintiff's exhibit E) were not in the same handwriting as the rest of the book, in other words, that certain of the pages were not in the handwriting of Chun Kiang Hom, the bookkeeper. The book itself is not before us, not having been sent up as part of the record in the case, and, perhaps, if it were, being in the Chinese language, it would be of but little assistance to the court. But undoubtedly the evidence of these two witnesses, who were permitted to testify as experts, if believed by the jury, would tend to cast suspicion upon the genuineness of the entries contained in the book, including those showing the account between the plaintiff and the Lan Hing Wai Company. We are of the opinion that the evidence in this case, in relation to the competency of the witnesses Ayoy and Hee Kwock to testify as experts in the comparison of handwriting, was not sufficient to qualify either of such witnesses as an expert, and we think the court erred in permitting them to so testify. Under our system

of pleading (Sec. 2369 R. L. 1915) the defendants were at liberty to show an original want of consideration under their answer of the general issue (14 Pl. & Prac. 628), and we think it fair to conclude that the verdict of the jury was influenced by the evidence above referred to to the prejudice of the plaintiff. Neither of the witnesses was acquainted with the handwriting of the bookkeeper Chun Kiang Hom, which would have made him competent to give his opinion of the genuineness of the disputed writings. In *Strother* v. *Lucas,* 6 Pet. 763, the court lays it down as a general rule that "evidence by comparison of hands is not admissible when the witness has had no previous knowledge of the handwriting, but is called upon to testify merely from a comparison of hands." This rule, which is the rule of the common law (17 Cyc. 163) was followed in *Rogers* v. *Ritter,* 12 Wall. 317, 322, 20 L. ed. 417, and is generally recognized as the rule prevailing in the Federal Courts. 17 Cyc. 168; Lawson Exp. and Op. Evidence, p. 432. Even in those jurisdictions where, as in this Territory (Sec. 2623 R. L. 1915), such testimony is admissible by statute, the witness called on to testify merely from a comparison of hands must be shown to be an expert (17 Cyc. 176; *Williams* v. *Conger,* 125 U. S. 397, 413), and it is error to permit one who is not qualified as such to testify as an expert. *Heacock* v. *The State,* 13 Tex. App. 97. In the case at bar it is obvious from what has been stated that neither of the witnesses offered to prove the handwriting by comparison was an expert. In *The State* v. *Tompkins,* 71 Mo. 614, the court said, "One who does not profess to be an expert in handwriting and whose vocation in life has not been such as to qualify him to judge of handwritings, should not be permitted to testify as an expert."

There are a number of other assignments of error, but as they are of a nature not likely to arise upon another trial we shall only notice that one (assignment No. 48) predi-

cated upon the giving of defendants' requested instruction No. 14, relating to the power of a partner in a nontrading partnership to execute a note in the name of the firm. On this point the court instructed the jury:

"One partner in a nontrading partnership cannot bind his partner by a note, unless he has express authority to execute it, or the execution is necessary to the transaction of the partnership business, or there be proof of some custom in that class of trading from which the law implies the authority. The burden to prove what is essential to give rise to the liability rests on the party who brings the suit."

Defendants in error cite Lindley on Partnership (4th ed.) p. 267, and *Deardorff* v. *Thacher,* 78 Mo. 128, as sustaining the correctness of the law thus laid down. According to plaintiff's evidence, defendants, at the time of the execution of the note, were copartners engaged in conducting business as rice planters. We think the instruction as given is substantially correct, although, perhaps, technically defective in not pointing out more clearly that there might be an implied authority to execute the note or a ratification of the act by the other partners. The law on this subject is very clearly laid down in a case decided by this court (*Lea Bow* v. *Young Yung,* 11 Haw. 772) where the court said:

"In order to hold such a firm (a nontrading partnership) upon a note given in its name by one partner it must be shown as a question of fact that such authority existed or that the act has been ratified. In such case there may be shown express authority or authority implied from its necessity to the successful conduct of the business or from the usage of similar firms or the usage of the particular firm."

In the syllabus the law is stated as follows:

"In trading and commercial partnerships there is a general presumption that one partner has authority to give notes in the name of the partnership. In other partnerships the presumption is generally the other way, but this presumption may be rebutted by proof of authority, express or implied."

For the error pointed out the judgment must be reversed and the cause remanded, and it is so ordered.

J. *Lightfoot* for plaintiff in error.

E. C. *Peters* for defendants in error.