ANN PRESTIDGE RYAN *v.* THE CITY AND COUNTY OF HONOLULU.

No. 2135.

ARGUED JANUARY 22, 1934.          DECIDED MAY 17, 1934.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PARSONS, J.

This case is before us upon plaintiff's motion to quash and dismiss defendant's bill of exceptions. Defendant's bill sets forth two exceptions. Exception one has been abandoned. Exception two is in the following words: "Thereafter and at the conclusion of the case and after hearing the arguments of counsel on both sides, the honorable, the presiding judge of said court, on, to-wit, the 12th day of October, 1933, rendered and filed a decision finding in favor of the plaintiff and against the defendant in the sum of ten thousand dollars, and pursuant to said decision a judgment was filed awarding to the plaintiff the said sum together with costs in the sum of $34.50. To said decision, and judgment, exceptions were duly entered,

allowed and filed within the time required by law. Said decision, judgment and exceptions are, for the sake of brevity, not herein quoted, but by reference incorporated herein and made a part hereof."

Copies of the decision, judgment and exceptions thereto are in the record sent up as requested in the praecipe. Exceptions to the decision and judgment are upon the sole ground that the said decision and judgment are "contrary to law, the evidence and the weight of the evidence." Neither the bill of exceptions nor the exception to the decision nor the exception to the judgment avers any particular wherein said decision or judgment is so defective; nor does any of them disclose any definite question of law presented and ruled upon in the court below.

Plaintiff's motion to quash and dismiss defendant's bill of exceptions is based upon seven grounds which are herein considered as epitomized in ground number five. Said ground, referring to exception number two, is as follows: "That said exception fails to specify clearly, certainly and completely the alleged error complained of, and is so general and insufficient that it does not advise this court or plaintiff appellee of the particular point or points in respect to which the lower court erred, but on the other hand, throws the burden of searching the record and the transcript upon this court and plaintiff appellee to locate the error complained of."

The question thus raised has been substantially disposed of in conformity with the contention of the movant by a consistent line of Hawaiian decisions. Thus in *McCandless v. Honolulu Plantation Co.*, 19 Haw. 239, 242, this court said: "After argument, however, we are satisfied that the defense, if good, is not available in this case. The only exception under which it could have been raised is the general exception to the judgment and decision as

contrary to the law and the evidence, and this exception is too general to bring to this court a question of law which has not been called to the attention of the court below and made the subject of a ruling." In *Ripley & Davis* v. *Kapiolani Estate*, 22 Haw. 507, 508, exception number three was to the decision and exception number four to the judgment. Each was a general exception. Upon review this court said: "These two last exceptions are too general and indefinite to be considered. In a long line of decisions this court has held that exceptions must be sufficiently definite and specific to call to the attention of this court a point of law which was called to the attention of the trial court affecting the legality of its ruling, thus giving the lower court the opportunity to correct its ruling if erroneous. 'The object of an exception as contemplated by the statute is to bring to this court a specific question of law upon which the trial court has erroneously ruled to the prejudice of the party excepting, and not to enable a party to cast the entire case upon the court for review. Such a loose method of practice is unfair to both the opposite party and the court'" (citing, among other cases, *Spencer* v. *Dodd*, 7 Haw. 200; *Ahlo* v. *Aiau*, 8 Haw. 70; *Fraga* v. *Portuguese Mut. Ben. Soc.*, 10 Haw. 128, 129; *Mist* v. *Kapiolani Estate*, 13 Haw. 523, 526; *Territory* v. *Puahi*, 18 Haw. 649 and *McCandless* v. *Honolulu Plantation Co., supra*). See also *Kapela* v. *Gilliland*, 22 Haw. 655, 659. A similar ruling has been made with reference to assignments of error in *Zen* v. *Koon Chan*, 27 Haw. 369, and five of the Hawaiian cases upon exceptions above referred to are therein cited as applicable by analogy.

The rule thus established is peculiarly applicable to the case at bar. The proceeding herein is an action at law, jury waived, for general and special damages in the sum of $50,479.60 for personal injury to the plaintiff

alleged in the declaration to have been proximately caused through negligence and the maintenance of a nuisance by agents, servants and employees of the defendant acting within the scope of their employment by the garbage department of the City and County of Honolulu. The answer is a general denial and "gives notice of its intention to rely upon the illegality of the plaintiff's claim." Issue is thus joined upon every material averment of the declaration and notice of a separate defense is given. The decision of the trial judge contains specific "findings of fact" covering nine typewritten pages; and it contains several conclusions of law, among them the following: "The court concludes as a matter of law * * * that the activity of the City and County of Honolulu in its bureau of road maintenance, street cleaning and garbage does not come within the theory of immunity usually termed 'governmental function.' On the contrary this court concludes as a matter of law that the furnishing of the service covered by the case at bar is one for which liability for negligence of the employees of the city attaches. The court also concludes as a matter of law that under the facts in evidence a temporary nuisance and dangerous menace was created by the servants of the city themselves and hence the doctrine of notice does not apply." General and special damages were awarded in the gross sum of $10,000. The exceptions before us do not specify which, if any, of the numerous findings of fact above referred to are not supported by the evidence or which, if any, of the conclusions contained in the said decision are contrary to the law. Defendant's two exceptions, if considered, would cast upon this court the burden of searching through a voluminous record to find whether or not there is evidence to support each of said findings of fact, whether or not defendant's rights were preserved and opportunity for

correction of error was given to the opposing party and to the trial court by timely motion or objection and exception and whether or not each of the trial judge's conclusions of law was founded upon established fact and correct principle. These are sufficient grounds under the authorities cited for refusal to consider the exceptions. In the instant case three definite points and no others were selected for argument in defendant's opening brief now on file, but this fact cannot cure the defects objected to in defendant's exceptions and bill of exceptions.

The motion to dismiss is granted.

*W. T. O'Reilly* and *F. Patterson* for the motion.

*W. C. Tsukiyama,* City and County Attorney, contra.