BRIGHAM & Co. v. RETELSDORF.

1. **Appeal**: PRACTICE: EVIDENCE TO SUPPORT VERDICT. This court cannot interfere with a verdict on the ground that it is not supported by sufficient evidence, when the evidence is conflicting.

2. ———: ———: ASSIGNMENT OF ERROR. An assignment of error that " the verdict is contrary to the law," is too indefinite to be considered.

3. ———: ———: INSTRUCTION NOT ASKED. This court cannot consider a complaint that the trial court erred in not directing a verdict for plaintiff, when no such instruction was asked, or motion made therefor.

4. **Evidence**: ADMISSION OF: ERROR WITHOUT PREJUDICE. It is not reversible error to admit testimony offered to prove a point which is fully established by evidence not objected to.

5. **Sale**: BY SAMPLE: FAILURE AS TO QUALITY: BURDEN OF PROOF. One buying goods by sample has the burden to show, if he so alleges, that they do not correspond to the sample, and all evidence tending so to show is admissible for that purpose.

6. ———: ———: WARRANTY. In every sale by sample, there is an implied warranty that the goods are of the quality of the sample, and, in every material respect, correspond therewith.

7. **Appeal**: PRACTICE: ERROR NOT ASSIGNED. Alleged errors discussed in argument, but not assigned, are not considered.

*Appeal from Mills District Court*—HON. A. B. THOR-
NELL, Judge.

WEDNESDAY, MARCH 7.

THE plaintiffs are merchants in Massachusetts, and a sales-
man in their employ sold the defendant, in Iowa, several
cases or packages of boots and shoes, for the aggregate price
of $454.85; but the contents of each case or package was
sold at a stated price per dozen, so that for each of such
packages there was a separate and distinct price. The sale
was made by sample. Upon the receipt of the goods, the
defendant claims to have ascertained that the goods in certain
packages were not as good as, or were unlike, the samples
exhibited to him. Such packages he immediately reshipped
to the plaintiffs, and kept the residue. The goods so shipped
the plaintiffs refused to receive, and they remained in the
custody of the carrier. This action was brought to recover
the purchase price of the goods. The jury found for the
plaintiff for the value of the goods retained by the defend-
ant, and the plaintiffs appeal.

*W. S. Lewis,* for appellants.

*Phillips & Day,* for appellee.

SEEVERS, CH. J.—I. The finding of the jury must be
regarded as a settlement of several disputed questions. For
instance, their finding settles, in defendant's favor, that the
goods were sold by sample, and that they did not correspond
therewith. It is true, counsel for the plaintiff claim the ver-
dict is not sustained by the evidence, but it clearly is, if the
evidence introduced by the defendant can be credited. The
evidence is conflicting, and the jury determined such conflict,
in defendant's favor, and we cannot interfere with such find-
ing, under the well-settled practice and rulings of this court.
This view disposes of the first and third errors assigned.

II. The second error assigned is that the " verdict is con-

trary to the law." This is too general, and must be disre-
garded. The verdict is not contrary to the instructions of
the court; and this disposes of the fourth error assigned.
The fifth error assigned is that the court erred in "not
instructing the jury to return a verdict for the full amount
of the plaintiffs' claim." No such instruction was asked,
and, from what has been said, it is apparent that it would
have been error if such an instruction had been given. The
sixth assignment of error is as follows: "The court erred in
not sustaining the plaintiffs' motion for judgment for the full
amount of their claim, upon the evidence produced at the trial."
We fail to discover any such motion in the record; but, con-
ceding that it has been overlooked, it is certain that the court
did not err in overruling such motion. The eighth error
assigned is not sufficiently specific, and must be disregarded.
The seventh assignment of error is based on the admission
of certain evidence, which, it is said, is prejudicial to the
plaintiffs. The defendant, when on the stand as a witness,
was permitted to state that a separate price was fixed on each
of the articles purchased. Conceding that this evidence was
inadmissible, it was not prejudicial, for the reason that evi-
dence introduced by the plaintiffs showed such to be the
fact; and the fact that such a price was fixed was not a con-
troverted question on the trial. The legal consequences or
effect of such fact was a controverted question; but this is a
materially different thing. A portion of the goods purchased
were known or designated as "real kip boots," and the
defendant was permitted to show what kind of goods were
sent as real kip boots. This evidence was material and com-
petent. The burden was on the defendant to show that the
goods sent him were not such as he purchased, and did not
correspond with the sample. Certain evidence was objected
to, on the ground that the goods were sold without a war-
ranty, but there was evidence tending to show that the sale
was made by sample; and, in fact, this, we think, was not
controverted. Now, we understand the law to be that there

is an implied warranty in every sale made by sample that the goods are of the quality, and, in every material respect, correspond with the sample. (2 Benj. Sales, § 969.) The defendant testified, in substance, that he showed the goods sent him to one Higgins; and the latter gave evidence tending to show the quality of such goods. It is insisted that this evidence was inadmissible; but we think otherwise. It was material, as we have said, for the defendant to establish that the goods did not correspond with the sample; and the evidence of Higgins tended so to show. Whether the goods examined by him were the goods that were received by the defendant from the plaintiffs was the question for the jury. We have referred to all the errors assigned by counsel. In argument, the question as to whether the contract of purchase was divisible, and, if so, whether the defendant could rescind as to a part only of the subject-matter of the contract, is discussed at some length. But, as no such errors are assigned, such questions cannot be considered; and the judgment of the district court must be     · · AFFIRMED.