*Wise & Nickeus* for defendant.

---

## ROBERT GILLESPIE *v.* ROBERT McBRYDE.

EXCEPTIONS FROM CIRCUIT COURT, FOURTH CIRCUIT.

SUBMITTED MARCH 19, 1901.          DECIDED JUNE 15, 1901.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

Objections to the charge of the court to the jury must be taken promptly and before the jury retire and preserved in a bill of exceptions in order to present the same to appellate court for review.

Errors complained of must be clearly set forth in bill of exceptions and appear to be prejudicial to the party excepting.

### OPINION OF THE COURT BY GALBRAITH, J.

The plaintiff filed an action in the Circuit Court of the Fourth Circuit, for damages resulting from breach of contract. The cause was tried to a jury and a verdict returned for the plaintiff. The defendant comes to this court on exceptions. During the progress of the trial certain exceptions were saved to the ruling of the court in admitting and excluding testimony. It is sought to have these rulings as well as the correctness of the instructions of the court to the jury on the law of the case reviewed by this court.

It is objected by the appellee that no question of law is presented by the bill of exceptions and that the court has nothing to pass upon except the insufficiency of the bill of exceptions and to order the same dismissed.

It is contended that it does not appear that any exception was taken or saved to the charge of the court in the presence of the jury. The Supreme Court of the kingdom. said on this point: "We cannot find either by the bill of exceptions or the record that any exception was taken to the instructions given to the jury by the court, which must be done before the case is left to the jury. Consequently there is no exception taken to the law as charged by the court (and the law must stand as given) and the verdict that was given accordingly." *Kanaloa v. Union Mill Co.*, 7 Haw. 548. We understand that this rule has never been modified or overruled and is still in full force and vigor in this jurisdiction. In this case the bill shows that exceptions were taken to certain instructions of the court to the jury, but does not show when they were taken. If they were not taken before the jury retired they could not be considered. If the presumption is, from the trial court's allowance of the exceptions, that they were taken at the proper time, still we do not find that there was error. But little reference is made to these exceptions by counsel in their brief and argument and those to

which reference is made are in our opinion not well taken. Those to which no reference is made we do not feel called upon to consider.

It is further insisted that all of the evidence must be made a part of the bill of exceptions where it is sought to have any part of the testimony reviewed. While it might be desirable to have all of the testimony before the court in many cases, it is not necessary that all the evidence should be brought up in every case. The statute requires that "the cause, or so much thereof as may be necessary to a full understanding of the question," shall be presented. One wishing to present to the appellate court for review the ruling of the circuit court on a question of evidence can clearly bring himself within this statute by embodying in his bill of exceptions a sufficient amount of the testimony to give the appellate court a clear idea of the relevancy and competency of the evidence offered, or the reverse, the grounds of the objection and the grounds of the ruling of the court if any are given. "The error must be set forth distinctly and must appear to be prejudicial to the party excepting." Encycl. P. & P., p. 409-410 and note.

From the examination of the excerpts of the testimony contained in the bill of exceptions it does not appear that any of the rulings complained of were erroneous or prejudicial to the defendant. The testimony objected to seems to have been competent and relevant and tending to support the issue made by the pleadings.

The exceptions are overruled.

*Smith & Parsons* for plaintiff.
*Wise & Nickeus* for defendant.