*J. T. De Bolt* for the defendant.

---

H. M. MIST *v.* KAPIOLANI ESTATE, LTD.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED JULY 3, 1901.          DECIDED AUGUST 9, 1901.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

In an action of ejectment for the possession of a tract of land, a deed in the chain of plaintiff's title containing a recital that the grantor was the brother and only surviving relative of the patentee of the land, was properly admitted in evidence after the relationship and death of the parties had been established by evidence *aliunde.*

An exception that attempts to embrace the objections to numerous rulings of the court on the admission of evidence, Held to be too general and indefinite to require consideration by the appellate court.

The judgment of the court in a jury waived case will not be disturbed where there is evidence to support it and no prejudicial error of law appears.

OPINION OF THE COURT BY GALBRAITH, J.

This is an action of ejectment to recover the possession of a house lot located on the beach at Waikiki, being Apana 4, L. C. A. No. 6616 issued to Nuuanu, June 1, 1852, R. P. No. 2564. The defendant plead the general issue and relied on the claim of

adverse possession for the statutory period. A jury was waived and the case was tried to the court who found (1) That the plaintiff had a perfect paper title to the lands and premises described in the declaration, in fee simple absolute: (2) That the defendant had no estate, right, title or interest in or to said lands and premises or any part thereof of any kind, character, nature or description: (3) That the defendant is in possession of said lands and tenements without shadow of right and such possession is maintained *vi et armis:* (4) That the plaintiff is entitled to the immediate possession of said lands and premises and gave judgment for the plaintiff for the restitution of said lands and tenements.

The defendant comes to this court on four exceptions.

It appears that the plaintiff is grantee of Mikasobe who is grantee of one Nakapuahi who it is alleged was the brother and only heir of the patentee of the land in dispute, Nuuanu.

The first exception is to the ruling of the court admitting in evidence a part of the deed from Nakapuahi to Mikasobe, to wit, that part reading as follows, "issued in the name of Nuuanu my younger brother and I am the only remaining relative living."

The record shows that when this deed was offered in the early part of the trial as one link in plaintiff's chain of title, counsel for defendant made the following objection, "May it please the court, we object to certain features of the deed. We object to the whole deed going in as evidence or being considered as evidence because it contains self-serving declarations, wherein the grantor in the deed asserts that he is the heir of a certain Nuuanu, from whom persons seek to trace their title. I object to any portion of the deed being considered as evidence reading as follows: Commencing with the eighth line of the deed with the words 'my younger brother' and 'I am his only remaining relative living,' because such statements are immaterial, and on the ground that they are self-serving declarations."

"By Mr. Silliman. The objection goes to the language and not to the deed itself."

"By Mr. De Bolt.    Objected to for any purpose."

"By the Court, the deed will be received subject to that objection."

Again on page 111 of the record it appears that this deed was reoffered for every purpose and counsel for the defendant renewed the objection to the recitals spoken of at the commencement of the case.    The objection was overruled and exception taken.

It will be observed that the only objection urged against the admission of this evidence was that it was immaterial and a self-serving declaration.    That the relationship between the grantor in that deed and Nuuanu was a material issue in the case is apparent and the only question raised by this exception is whether the objection that it was a self-serving declaration was sufficient to warrant its exclusion.    When the deed and these recitals were admitted various witnesses had given testimony tending to show that Nuuanu and Nakapuahi were brothers; and that Nuuanu died during the small-pox epidemic in 1853 and that Nakapuahi was his only known heir, and that he died many years later.    These recitals standing alone would not be sufficient, if any, proof, of the relationship of these parties but after a relationship and the death had been established by evidence aliunde the recitals were properly admitted, their weight as evidence to be determined by the court trying the cause. (Greeleaf Ev. Sec. 134; *Jackson v. Cooley*, 8 John 127; *Fulkerson v. Holmes*, 117 U. S. 389; *Banert v. Day*, Fed. Cases No. 836; *Byers Bros. v. Wallace*, 87 Tex. 503).

The second exception is as follows: "That counsel for the plaintiff offered to prove that Nuuanu and Nakapuahi were brothers by the testimony of witnesses who testified to know them and to certain facts regarding them and that they had heard Nuuanu declare that Nakapuahi was his, Nuuanu's brother, and who also testified that they had heard Nakapuahi declare that Nuuanu was his, Nakapuahi's brother, to which testimony counsel for the defendant objected on the ground that the same was hearsay evidence, incompetent and inadmis-

sible, and upon the further ground that it had not been proved by evidence aliunde that there was a family connection or that Nuuanu and Nakapuahi were related by blood or marriage, or that they or either of them were dead. The court overruled said objection, to which ruling of the court defendant duly excepted."

This exception is too general and indefinite to challenge the attention of the court under the established rules of practice of this court. (*Kapuakela v. Iaea*, 10 Haw. 103 and *Serrao v. Soares*, 11 Haw. 284.)

We have, however, gone through the record and find that the first exception taken by the defendant is on page 33 of the record; that there the counsel says he objects "on the grounds stated this morning;" that on looking up the objection urged in the morning, we find that counsel objected to proof of the relationship of Nakapuahi and Nuuanu on the grounds that it was not admissible and was in the nature of a self-serving declaration but no exception was taken to the ruling of the court overruling his objection. The next exception to the evidence was noted on page 62 of the record and here the objection is urged on the grounds that the testimony is hearsay and self-serving declarations. Numerous other exceptions were taken to evidence of this character on similar ground, as is shown by the record.

Counsel have no right to cast the burden on the court of searching through a voluminous record to find the ground of his objection and where the errors complained of are not squarely presented by the bill of exceptions, as in this exception, we shall follow the practice of this court and refuse to consider them.

At the close of the evidence the defendant moved the court to strike from the evidence the deed from Nakapuahi to Mika-sobe on the ground that the plaintiff had failed to establish the identity of the grantor in said deed. This motion was properly denied. No question of the identity seemed to have been raised during the process of the trial and the evidence was ample to

establish the fact that the grantor in this deed and the brother of Nuuanu were one and the same person.

Again the defendant excepted to the judgment of the court on the ground that the same was contrary to the law and the evidence and the weight of the evidence.

The contested issues in this case were ones of fact. These were submitted to the court for determination. An examination of the evidence shows that there was abundant evidence to support the finding of the court and no errors of law appearing in the record, the exceptions will be overruled.

*Hatch & Silliman* and *Magoon & Thompson* for plaintiff.
*J. T. De Bolt* and *J. L. Kaulukou* for defendant.