# L. L. McCANDLESS *v.* HONOLULU PLANTATION COMPANY AND WOODLAWN FRUIT COMPANY, LIMITED.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED OCT. 5 AND NOV. 14, 1908.          DECIDED NOVEMBER 16, 1908.

HARTWELL, C.J., WILDER AND BALLOU, JJ.

APPEAL AND ERROR—*findings in jury waived cases.*

The findings of fact of a circuit court in a jury waived case cannot be reversed on exceptions where there is evidence on both sides and the issue turns upon the credibility of the witnesses.

EJECTMENT—*title from common source.*

When it appears in an action of ejectment that both parties claim title from the same grantor neither can take advantage of alleged defects in the chain of title prior to the common source.

APPEAL AND ERROR—*general exception.*

A general exception to the decision of a court, jury waived, finding for the plaintiff, does not bring to the consideration of this court a possible defense disclosed by the evidence but not called to the attention of the trial court.

## OPINION OF THE COURT BY BALLOU, J.

This is an action of ejectment for a small kuleana situated at Halawa, Oahu, in which, after a trial before a judge of the circuit court of the first circuit, jury being waived, the plaintiff obtained judgment for the restitution of the land with costs. Both parties claim under S. Kamaka, the defendants also claiming by adverse possession. The plaintiff's deed from Kamaka is dated September 17, 1901, and recorded September 24, 1901. This action was instituted February 7, 1902. At that time the defendants were in possession of the land but under a title not now relied upon. On August 5, 1902, there was placed on record a hitherto unrecorded deed of the property in question

from ,S. M. Kamaka to James I. Dowsett dated January 13, 1883, and on August 27, 1902, one of the defendants obtained a lease of the property from The Dowsett Co., Ltd., successors in title of James I. Dowsett.

The main controversies in the case related to the authenticity of the deed from S. M. Kamaka to J. I. Dowsett and to the question of adverse possession.     Upon the first point the testimony was conflicting.     Kamaka, now blind and a_leper on Molokai, denied that he had ever executed the deed to Dowsett or that he ever signed his name S. M. Kamaka, and at the close of the defendant's case the deed of 1883, which had been admitted in evidence conditionally, was struck from the evidence upon motion, the trial judge ruling that it had not been proven to be Kamaka's deed.   To strike the deed from the evidence entirely was technically error, as not only were there many improbabilities and inconsistencies in Kamaka's story to affect his credibility, but there was considerable circumstantial evidence in support of the execution of the deed which should have gone to a jury had there been one.     But we cannot hold this prejudicial when the trial judge himself was the judge of the ultimate facts, and the question being mainly that of the credibility of a witness we would not be justified in reversing the judgment upon this ground.

Nor is there anything in the record which would justify a reversal of the judgment on the ground that adverse possession had been established.   The evidence shows that Kamaka had exercised no possession or control over the land for more than the statutory period, but this is by no means decisive.   The evidence as to the beginning of the possession of tenants claiming under Dowsett is uncertain as to dates, and in so far as it is sought to fix the time prior to 1883 is inconsistent with the theory of Dowsett's acquisition of interest at that time.   A lease from Dowsett to Akeni and John Nui dated January 1, 1891, was introduced in evidence, the description in which

reads: "A certain piece of land at Halawa, Oahu, (situated within the limits of the old enclosure of the taro land of Halawa), and containing about nine acres." This description was of land in the vicinity owned by Dowsett and would probably include apana 2 of the kuleana in question, with an area of 1.09 acres, if Dowsett owned or claimed it. Giving full weight to the defendants' evidence, we find that Akeni, one of the original lessees, occupied the premises in dispute together with the surrounding property of Dowsett under this lease. After his death in 1893 or 1894 his wife, previously divorced and remarried, took possession, claiming under Dowsett, and occupied it together with Akeni's minor children. The question of continuity of adverse possession between two successive lessees each occupying premises not owned by the lessor under whom they claim is largely a question of fact, it being incumbent on the defendants to prove actual or constructive delivery of possession of the property from one to the other. *Wilder v. Macfarlane,* 18 Haw. 121. In 1898 the defendants took possession of the land claiming under title not derived from Dowsett, the lease from The Dowsett Co., Ltd., of this date covering only leasehold interests in land owned by the Bishop Estate. The ouster of Dowsett's tenant was a separate act of disseisin, and obtaining Dowsett's claim four years afterwards does not enable them to tack their possession to the prior possession of Dowsett's tenants. The court's general finding is sustained by the evidence so far as the defense of adverse possession is concerned.

The defendants' claim of a missing link in plaintiff's title prior to the time of Kamaka's ownership cannot be sustained. While it is the general practice in this jurisdiction for the plaintiff to deduce his title from the original land commission award, yet when it appears, as here, that both sides claim from a subsequent common title it is unnecessary to consider any defects in the chain prior to the common source. *Gaines v.*

*New Orleans,* 6 Wall. 642, 715; *Bonds v. Smith,* 106 N. C. 553. It is not necessary to pass upon the exception to the refusal to admit in evidence Kam Yet's declarations as to the fact that he was holding the land under Dowsett, the error, if any, being harmless, as if that fact were admitted the result of the claim of adverse possession would be the same.

After the case had been submitted the court requested further argument as to whether, assuming that the deed of S. M. Kamaka to J. I. Dowsett in 1883 was not executed by the then owner of the land, the defendants or their lessor are in the position of a mortgagee in possession of the land and whether ejectment could be maintained against the tenants of a mortgagee in possession by a grantee of the mortgagor. The reason for the request was that a mortgage from Kamaka to one William Dean and an assignment thereof to James I. Dowsett, under whom the defendants claim, appear on the record of the case. After argument, however, we are satisfied that the defense, if good, is not available in this case. The only exception under which it could have been raised is the general exception to the judgment and decision as contrary to the law and the evidence, and this exception is too general to bring to this court a question of law which has not been called to the attention of the court below and made the subject of a ruling. *Territory v. Puahi,* 18 Haw. 649. In *Kalaeokekoi v. Wailuku Sugar Co.,* 18 Haw. 380, a different question was presented, as the plaintiff had an exception under which the newly discovered point could be urged.

The exceptions are overruled.

*A. G. M. Robertson for plaintiff.*

*M. F. Prosser* and *R. B. Anderson* (*Kinney & Marx* on the brief) for defendants.