## ANE KAEHU *v.* MEEAU NAMEALOHA.

EXCEPTIONS FROM CIRCUIT COURT, SECOND CIRCUIT.

ARGUED JANUARY 4, 1911.                DECIDED JANUARY 5, 1911.

PERRY AND DE BOLT, JJ., AND CIRCUIT JUDGE COOPER
IN PLACE OF HARTWELL, C.J.

EXCEPTIONS, BILL OF—*sufficiency.*

The mere statement in a bill of exceptions that "the court

filed its decision in said action, to which the plaintiff duly excepted," is not sufficient to bring to this court any question or error for review.

## OPINION OF THE COURT BY DE BOLT, J.

This was an action of ejectment instituted in the circuit court of the second circuit to recover certain land, and upon issue being joined, the cause was tried by the court, jury waived, the decision being that the plaintiff take nothing.

Thereupon the plaintiff filed a bill of exceptions, the only exceptions being: "That * * * the Court filed its decision in said action, to which the plaintiff duly excepted" and that plaintiff's motion to allow an amended complaint was denied, "to which the plaintiff, at the time, duly excepted."

The cause now comes before us on a motion by the defendant to dismiss the bill of exceptions on the ground that the exceptions taken are too general and too vague for consideration and do not specify any errors.

At the hearing on this motion the matter was submitted on the exception to the decision of the trial court, the exception to the denial of the motion for leave to file an amended complaint being waived.

The exception relied upon fails, absolutely, to point out any error whatsoever. It does not appear, even by inference, or at all, whether the exception was saved on the ground that the decision was contrary to the law or to the evidence, and appellant having failed to point out any error, we seek for none.

Where a party undertakes to rely upon a bill of exceptions he must show by means of it the error complained of, clearly and affirmatively; and he must further show, in order to have relief, that such error was prejudicial. 3 Ency. Pl. & Pr. 409, 410.

This court has on various occasions sought to impress upon counsel the purpose of an exception, which is to bring up for review "a specific question of law upon which the trial court

Kaehu v. Namealoha, 20 Haw. 350.

has erroneously ruled to the prejudice of the party excepting, and not to enable a party to cast the entire case upon the court for review. Such a loose method of practice is unfair to both the opposite party and the court." *Fraga* v. *Port. Mut. Ben. Soc.,* 10 Haw. 128. See also *Gillespie* v. *McBryde,* 13 Haw. 432; *Mist* v. *Kapiolani Est.,* 13 Haw. 523, 525; *Serrao* v. *Soares,* 11 Haw. 284, 285; *Kapuakela* v. *Iaea,* 10 Haw. 99, 103.

The motion is granted and the bill of exceptions is dismissed.

*T. M. Harrison* for plaintiff.

*D. H. Case* and *Enos Vincent* for defendant submit the case on a brief.