*E. C. Peters* for plaintiff.

*C. F. Peterson* for defendants.

---

NETTIE L. SCOTT *v.* KONA DEVELOPMENT COMPANY, LIMITED, A CORPORATION, HAWAIIAN DEVELOPMENT COMPANY, LIMITED, A CORPORATION, AND WEST HAWAII RAILROAD COMPANY, A CORPORATION, J. B. CASTLE AND F. B. McSTOCKER.

EXCEPTIONS FROM CIRCUIT COURT, THIRD CIRCUIT.

ARGUED JULY 29, 1912.          DECIDED AUGUST 21, 1912.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

SET-OFF AND COUNTER-CLAIM—*judgment.*

> D having obtained a judgment against S, husband of the plaintiff in this action, assigned the judgment to K, one of the defendants. The defendants sought to set up this judgment as a partial defense against the plaintiff's claim against them. Held, that the plaintiff's claim, a promissory note delivered to her by the defendants for a valuable consideration moving from her, was her individual property and free from any claim which the defendants may have against her husband.

EXCEPTIONS, BILL OF—*sufficiency.*

> The mere statement in a bill of exceptions that the defendants "except to the decision" of the court, is not sufficient to bring to

Scott v. Kona Development Co., 21 Haw. 258.

this court any question or error for review. One of the essential.
purposes of an exception is, that the attention of the trial court
is thereby specifically called to a particular point of law going
to the legal sufficiency of the ruling made, thus affording the court
an opportunity to correct the supposed error.

OPINION OF THE COURT BY DE BOLT, J.

This action was brought by the plaintiff against the defend-
ants on a promissory note signed by the corporation defend-
ants and endorsed before delivery by the individual defend-
ants, and was tried by the court, jury waived, the decision
being that the plaintiff recover from the defendants the sum
of $2000 with interest at 6% per annum from October 30,
1910, to April 30, 1911, and thereafter interest at 8% per
annum.

The defendants bring the case here on exceptions.

The facts as disclosed by the record and essential to a cor-
rect understanding of the controversy are substantially as
follows: That on June 8, 1908, M. F. Scott, husband of the
plaintiff, being the owner of a large area of sugar cane (esti-
mated at about 500 acres), also certain leasehold interests and
other property, and his wife, the plaintiff in this action, also
being the owner of certain land and leasehold interests, as well
as having an interest in certain promissory notes for the sum
of $15,000, they, Scott and his wife, entered into a certain
so-called trust agreement with the defendants and W. R.
Castle, trustee, whereby it was mutually agreed by and between
the parties thereto that in consideration of the sale, transfer
and conveyance of all the property and interests above men-
tioned, by Scott and his wife to the defendants, the defend-
ants would sign and deposit with W. R. Castle (to hold pend-
ing the settlement of certain matters pertaining to the prop-
erty above mentioned), certain promissory notes for the total
amount of $93,000, payable in one, two and three years, and
also payable alternately to Scott and his wife, which arrange-

ment was carried out according to the terms of the trust agreement; that the notes mentioned were similar in form, the one in question when deposited with W. R. Castle reading: "Three years after April 30th, 1908, we jointly and severally promise to pay to the order of Nettie L. Scott the sum of two thousand dollars, value received, with interest at 6% per annum, from April 30th, 1908, payable semi-annually, and in default of payment of any interest within thirty days after the same shall become due, principal and interest may become due and payable at the option of the payee or holder of said note, subject to the conditions of that certain trust agreement by and between the makers, payee and endorsers hereof and W. R. Castle, dated June 8, A. D. 1908;" that on or about July 22, 1908, the conditions of the trust agreement respecting the notes, as well as in all other respects, having been fulfilled and all matters adjusted between the parties, the note in question was duly delivered to the plaintiff with the clause therein reading, "subject to the conditions of that certain trust agreement by and between the makers, payee and endorsers hereof and W. R. Castle, dated June 8, A. D. 1908," revoked and canceled by W. R. Castle, trustee, in accordance with the authority conferred upon him by the terms of the trust agreement; that upon final adjustment of all matters between them being thus had, and after all claims against Scott and his wife for advances made and expenses incurred in the cultivation and harvesting of the cane were deducted from the sum of $93,000, the estimated purchase price of the property, there remained to the plaintiff the note in question for the sum of $2000 and to Scott the balance of about $1200; that the defendants thereafter being "in default in the payment of * * * interest within thirty days after the same * * * became due," and the plaintiff having notified them of her intention to declare the note, principal and interest, due and payable, the defendants promised, in consideration of the plaintiff agreeing to wait for payment of the principal until

the maturity date of the note, to pay interest thereon at the rate of 8% per cent per annum, the date on which the latter rate of interest was to begin to accrue, as found by the trial court, was April 30, 1911. Upon the facts thus recited and which are supported by evidence the plaintiff was entitled to judgment.

The defendants contended in the lower court that the note in question was not delivered to the plaintiff in accordance with the terms of the trust agreement, but by mistake; that there was no default in the payment of any interest; that the note was not presented for payment; and that payment was not refused. But in this court no reliance was placed upon these contentions and apparently they were abandoned by counsel. A further contention was made that there was no agreement to pay interest at the rate of 8% per annum. This was a question peculiarly within the province of the trial judge to determine, and there being evidence tending to support the ruling upon it we cannot question the decision of the court thereon.

The record, as respects the oral evidence, is meager and does not purport to be complete. It appears that the clerk (there being no stenographer) attempted to take down the testimony in longhand, but, obviously, he failed in some instances to get down even the gist of what the witnesses said. The trial judge, however, heard all the testimony and having considered it in connection with the documentary evidence in the case, we cannot say that his rulings upon questions of fact were not sustained by the evidence.

The defendants' chief contention, however, is, that the plaintiff is indebted to the Kona Development Company, one of the defendants, in the sum of $1702, which indebtedness they attempt to set up as a partial defense to the plaintiff's claim, whether by way of set-off, recoupment, or otherwise, it does not clearly appear. This alleged indebtedness they seek to base upon a certain judgment for the sum of $1702 which

was rendered in an action brought by B. F. Dillingham against M. F. Scott, and against the Kona Development Company as garnishee, which judgment was subsequently assigned by Dillingham to the Kona Development Company. The theory of counsel being, as we understand them, that all the property conveyed in accordance with the terms of the trust agreement belonged solely to M. F. Scott; that the plaintiff had no interest therein; and that upon the final settlement the note in question, though the plaintiff was named as payee therein, was the property of M. F. Scott, or a gift by him to his wife. Hence, they argue, that it is immaterial that the note was made payable to the plaintiff, as no consideration moved from her, and that the rights of the defendants are the same as if the note had been made payable to M. F. Scott. However sound this argument might be under other circumstances, it has no application to the facts in this case as we view the matter. The record before us is clear that Mrs. Scott was the owner of valuable property interests which she conveyed in accordance with the terms of the trust agreement together with her husband; and that the note delivered to her was for a valuable consideration moving from her. The note thus became her individual property and free from any claim which the defendants may have against her husband. The record is clearly against the contention of the defendants. They have no claim against the plaintiff by reason of the Dillingham judgment.

The defendants also contended in the lower court that they had a claim against Mrs. Scott by reason of the fact that she became surety on an appeal bond for her husband in his appeal to this court in the Dillingham case whereby the judgment alluded to was affirmed, which claim they contend they were entitled to set up as a defense in the present action. Presumably this contention has been abandoned, as no argument, either oral or in their brief, was made by the defendants in this court.

A further contention is, that the decision of the trial judge fails to comply with the requirements of Act 117, Laws of 1909, which provides that the "court shall hear and decide the cause, both as to the facts and the law, and its decision shall be rendered in writing stating its reasons therefor." The sufficiency of the decision in this respect was not questioned in the lower court. It is now questioned for the first time in this court. No proper exception to the decision was saved. The exception taken was, that the defendants "except to the decision" of the court. This was not sufficient to raise the question as to the sufficiency of the decision rendered. *Kaehu* v. *Namealoha,* 20 Haw. 350. One of the essential purposes of an exception is, that the attention of the trial court is thereby specifically called to a particular point of law going to the legal sufficiency of the ruling made, thus affording the court an opportunity to correct the supposed error. That opportunity was not given to the court by the exception taken in this case.

Having examined the entire record, as well as all the questions presented by counsel and finding no error in the record, the exceptions are overruled.

*M. F. Scott* for plaintiff.

*D. L. Withington* (*Castle & Withington* on the brief) for defendants.