Ripley & Davis v. Kapiolani Estate, 22 Haw. 507.

# CLINTON B. RIPLEY AND LOUIS E. DAVIS, COPARTNERS DOING BUSINESS UNDER THE FIRM NAME AND STYLE OF RIPLEY & DAVIS, *v.* KAPIOLANI ESTATE, LIMITED.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

HON. W. L. WHITNEY, JUDGE.

ARGUED MARCH 22, 1915.                    DECIDED MARCH 24, 1915.

ROBERTSON, C.J., QUARLES, J., AND CIRCUIT JUDGE STUART IN

PLACE OF WATSON, J., DISQUALIFIED.

APPEAL AND ERROR—*exceptions.*

An exception in the following language, "That thereafter and on to wit: the 14th day of October, 1914, a decision was filed in the above entitled cause by the judge, and to the filing of which decision, the defendant duly excepted and the exception was allowed," brings to the attention of this court no specific question of law presented to the trial court, and is too general to be considered in the appellate court.

OPINION OF THE COURT BY QUARLES, J.

This case was heretofore in this court on exceptions from a verdict and judgment in favor of the plaintiffs, and a new trial was granted on the ground that it was apparent from the record and instructions given by the court, the jury, without evidence to support their verdict, found for the plaintiffs under the first count of their complaint which alleged a special promise, and not under the second count which was upon a *quantum meruit* for service rendered by the plaintiffs to the defendant, as architects. Upon the return of the cause to the circuit court the parties entered into a stipulation in writing whereby the plaintiffs withdrew the first count of their complaint, and the cause was submitted to the court without a jury upon the second count, and upon the evidence taken at the former trial as embodied in the official reporter's transcript, each party reserving the right

to make objections to the evidence of any witness or any part thereof, and to except to the ruling of the court in sustaining or overruling any objection to any of the evidence.   At the trial the defendant, upon certain grounds therein specified, objected to sixty-eight questions propounded by plaintiffs to divers witnesses, all of which were overruled, except as to objection No. 36, and the action of the trial court in this regard is alleged as the ground for defendant's first exception here.   The defendant at the trial also moved to strike out divers answers of various witnesses, portions of certain other answers, and the entire evidence given by the witness Arthur Beeton, upon various grounds set forth in sixty-two separate paragraphs, all of which were overruled by the court except as to the matter set forth in the thirty-sixth paragraph, and the action of the trial court in this regard is alleged as the ground for the second exception now before us.   We find no error in the court's ruling as to said motions to strike, and objections to the evidence mentioned in the said motions.

The remaining exceptions are in words and figures as follows, to wit:

"EXCEPTION No. 3.   That thereafter and on to wit:   the 14th day of October, 1914, a decision was filed in the above entitled cause by said judge, and to the filing of which decision, the defendant duly excepted and the exception was allowed."

EXCEPTION No. 4.   That thereafter, and on to wit:   the 19th day of October, 1914, judgment was entered in the above entitled cause by the Clerk of said Court and to the entering of such judgment, defendant duly excepted and the exception was allowed."

These two last exceptions are too general and indefinite to be considered.   In a long line of decisions this court has held that exceptions must be sufficiently definite and specific to call to the attention of this court a point of law which was called to the attention of the trial court affecting the legality of its ruling, thus giving the lower court the opportunity to correct its ruling if erroneous.   "The object of an exception as contemplated by

the statute is to bring to this court a specific question of law upon which the trial court has erroneously ruled to the prejudice of the party excepting, and not to enable a party to cast the entire case upon the court for review. Such a loose method of practice is unfair to both the opposite party and the court. See *Spencer* v. *Dodd,* 7 Haw. 200; *Ahlo* v. *Aiau,* 8 Haw. 70; *Curry* v. *Porter,* 125 Mass. 94; *Harriman* v. *Sanger,* 67 Me. 442." (*Fraga* v. *Portuguese Mut. Ben. Soc.,* 10 Haw. 128, 129.) "Counsel have no right to cast the burden on the court of searching through a voluminous record to find the ground of his objection and where the errors complained of are not squarely presented by the bill of exceptions, as in this exception, we shall follow the practice of this court and refuse to consider them." (*Mist* v. *Kapiolani Estate,* 13 Haw. 523, 526.) "The only exception under which it could have been raised is the general exception to the judgment and decision as contrary to the law and the evidence, and this exception is too general to bring to this court a question of law which has not been called to the attention of the court below and made the subject of a ruling." (*McCandless* v. *Honolulu Plantation Co.,* 19 Haw. 239, 242, citing *Territory* v. *Puahi,* 18 Haw. 649.) "A further contention is, that the trial judge fails to comply with the requirements of Act 117, Laws of 1909, which provides that the 'court shall hear and decide the cause, both as to the facts and the law, and its decision shall be rendered in writing stating its reasons therefor.' The sufficiency of the decision in this respect was not questioned in the lower court. It is now questioned for the first time in this court. No proper exception to the decision was saved. The exception taken was, that the defendants 'except to the decision' of the court. This was not sufficient to raise the question as to the sufficiency of the decision rendered. *Kaehu* v. *Namealoha,* 20 Haw. 350. One of the essential purposes of an exception is, that the attention of the trial court is thereby specifically called to a particular point of law going to the legal sufficiency of the ruling made, thus affording

the court an opportunity to correct the supposed error.    The opportunity was not given to the court by the exception taken in this case." (*Scott* v. *Kona Development Co.*, 21 Haw. 258, 263.)

We are of the opinion that the exceptions should be overruled, and it is so ordered.

Exceptions overruled.

*W. B. Lymer* (*Thompson & Milverton* with him on the brief) for plaintiffs.

*J. Lightfoot* for defendant.