Syllabus.

## AMOY ZEN *v.* L. KOON CHAN, ET AL., CO-PARTNERS DOING BUSINESS UNDER THE FIRM NAME OF HONOLULU CRACKER COMPANY, AND HONOLULU CRACKER COMPANY, LIMITED, A CORPORATION, DEFENDANTS; CHINESE-AMERICAN BANK, LIMITED, AN HAWAIIAN CORPORATION, GARNISHEE.

### No. 1351.

### ERROR TO CIRCUIT COURT FIRST CIRCUIT. HON. J. T. DEBOLT, JUDGE.

ARGUED FEBRUARY 8, 1923.          DECIDED AUGUST 21, 1923.

### PERRY AND LINDSAY, JJ., AND CIRCUIT JUDGE O'BRIEN IN PLACE OF PETERS, C. J., DISQUALIFIED.

CONTRACTS—*joint obligors—when less than all may be sued.*

In an action at law upon a promissory note given by a copartnership the fact that one of the partners was at the date of the note the husband of the payee (the plaintiff) does not prevent recovery by the plaintiff from the remaining partners.

APPEAL AND ERROR—*assignment of errors—form and sufficiency of specifications.*

The mere statement that the verdict and the judgment are "contrary to law" is not sufficient as an assignment of error within the meaning of the statute relating to writs of error.

### OPINION OF THE COURT BY PERRY, J.
(Circuit Judge O'Brien dissenting.)

This is an action of assumpsit upon a promissory note for $4000. A verdict having been rendered for the plaintiff and judgment entered thereon, the case comes to this court by writ of error.

In the action as originally instituted, twenty-three persons were named as defendants who were in the declaration alleged to be copartners doing business under the

firm name of Honolulu Cracker Company. The Honolulu Cracker Company, Limited, an Hawaiian corporation, was also named as a defendant. During the trial, upon motion of the plaintiff, the names of five other persons, also alleged to be members of the same copartnership, were added as parties defendant and the names of S. Ogata and C. F. Zen, originally included as defendants, were stricken, the first of these on the ground that the evidence showed that there was no such member of the copartnership and the second on the ground that the evidence showed that "there is no obligation on his part" under the law of the Territory of Hawaii. By direction of the court verdict was rendered against nineteen of the defendants who were found to be members of the partnership at the date of the execution of the note and against the corporation. Judgment was entered accordingly.

C. F. Zen was the husband of Amoy Zen, plaintiff, at the time of the execution of the promissory note which is the subject of this action. The note sued on was given by the Honolulu Cracker Company, the copartnership, and C. F. Zen was a member of that copartnership at the time of the execution of the note. The consideration for the note was the loan of the sum of $4000 by the payee, Mrs. Zen, to the Honolulu Cracker Company, the copartnership. One of the main questions argued under the assignments of error relates to the effect upon this action of the fact that C. F. Zen and the plaintiff were husband and wife. There can be no doubt that under our statutes a husband and wife cannot contract with each other and cannot sue each other; but does the fact of the inclusion of C. F. Zen, the husband, in the list of parties defendant require judgment in favor of all of the defendants? It is true that in a note by the members of a partnership the obligation of the partners is joint and not joint and sev-

eral; but in the case of the joinder as a joint party defendant of one under age, it has been held—and correctly, as we think,—that upon disaffirmance by the minor and plea of his infancy, the minor may be discharged and judgment recovered against the others. 7 A. & E. Ency. L. 101, 102; *Hartness* v. *Thompson,* 5 Johns. 160, 161; *Allen* v. *Butler,* 9 Vt. 120, 127; and *Woodward* v. *Newhall,* 1 Pick. 500. In the case of the inclusion as a joint party defendant of one subsequently found to have been insane at the date of the transaction, the same rule would be applicable. The same principle we think applies in the case of one whose legal disability was that he was the husband of the other contracting party. Our statute does render void the attempted contract between the wife and the husband but it does not, either expressly or by implication, attach the same invalidity to others who at the same time deal with the wife. The fact that a twentieth person who had not the power to contract with the plaintiff attempted to join with the nineteen defendants named in the verdict in jointly promising to return the money to her should not in justice or in equity—and we think it does not in law—protect the nineteen from having a judgment rendered against them. A minor's act and that of an alleged insane person are voidable only but they become void upon disaffirmance by the minor on coming of age and by the insane person upon attaining sanity. On reason the three instances of the minor, the insane person and the husband stand upon the same footing. Each is at liberty to plead his legal incapacity and to ask to have his name stricken as a party defendant but the remaining parties are nevertheless liable and recovery may be had against them.

At the time of its formation, the corporation took over the assets and business of the partnership and covenanted in writing with the outgoing partners, to save them

"harmless and free of all expense or costs or whatever obligations may be due on said partnership" and agreed that it would "pay and discharge all of said claims of what nature and kind soever properly chargeable to and against the former partnership known as the Honolulu Cracker Company." In view of the verdict against the corporation, the question has been presented in the briefs and in oral argument whether a creditor can at law sue a promisor upon a promise made by him to the debtor to pay the debt due to the creditor and to save the debtor harmless from the claim of the creditor, in the absence of a novation. This question, however, does not arise under any of the assignments of error, unless it be under the ninth or the tenth, reading respectively, "that the verdict in said cause is contrary to law" and "that the judgment in said cause is contrary to law." The statute (R. L. 1915, Sec. 2528, as amended by L. 1919, Act 44, Sec. 7) requires that "an assignment of errors shall be filed with the application for the writ." The purpose of the statute doubtless was to apprise the defendants in error and the court of the issues of law sought to be presented for determination. A statement that a verdict or a judgment "is contrary to law" is too general and vague to serve the purpose mentioned or to satisfy the statutory requirement. It does not definitely indicate to the opposite party or to the court what the precise error is which is relied upon. Under the charge that a verdict is "contrary to law" it is possible to conceive of any one or more of a large number of possible errors as constituting the ground of attack on the verdict. What point or points are relied upon to set aside the verdict should not be left to mere surmise or to an exhaustive study of the record as a whole. The statute contemplates clear and definite information on the subject from the plaintiff in error at the time of suing out the writ.

"Each specification of error, like a paragraph or count of a pleading, must be single, clear, certain and complete in itself." 2 Ency. Pl. & Pr. 938. "It will generally be entirely insufficient to merely allege that the judgment or decree is contrary to the law and evidence, or not supported by the law and evidence, without designating the particular defects." *Ib.* 955. To the same effect are: *Brigham* v. *Retelsdorf,* 73 Ia. 712; *Newmark* v. *Marks,* 28 Pac. (Ariz.) 960; *Davis* v. *Scott,* 13 Ind. 506; *Clear Creek Co.* v. *Root,* 1 Colo. 374; *Malone* v. *Del Norte,* 77 Cal. 217; and 3 C. J. 1357.

Upon an analogous point, it is well settled in this jurisdiction that "the object of an exception as contemplated by the statute is to bring to this court a specific question of law upon which the trial court has erroneously ruled to the prejudice of the party excepting, and not to enable a party to cast the entire case upon the court for review. Such a loose method of practice is unfair to both the opposite party and the court." *Fraga* v. *Portuguese Mut. Ben. Soc.,* 10 Haw. 128, 129. "Nor did the general exception by the defendants to the decision as contrary to law and the evidence present this question." *Territory* v. *Puahi,* 18 Haw. 649, 655. "The only exception under which it could have been raised is the general exception to the judgment and decision as contrary to the law and the evidence and this exception is too general to bring to this court a question of law which has not been called to the attention of the court below and made the subject of a ruling." *McCandless* v. *Honolulu Plantation Co.,* 19 Haw. 239, 242. "In a long line of decisions this court has held that exceptions must be sufficiently definite and specific to call to the attention of this court a point of law which was called to the attention of the trial court affecting the legality of its ruling, thus giving the lower court an opportunity to correct its ruling if erroneous.

\* \* \* 'Counsel have no right to cast the burden on the court of searching through a voluminous record to find the ground of his objection and where the errors complained of are not squarely presented by the bill of exceptions, as in this exception, we shall follow the practice of this court and refuse to consider them.' " *Ripley & Davis* v. *Kapiolani Estate,* 22 Haw. 507, 508, 509. See also *Scott* v. *Kona Development Co.,* 21 Haw. 258, 263, and *Kapela* v. *Gilliland,* 22 Haw. 655, 659.

Another error assigned is that the trial court erred in denying the cost bill of the defendants, Choy Moon Hung, T. M. Kon, Au Tai Kau, Ching Ma Keen, Ching Hong Fatt, Lee Fai, Hee York Ting, Au Sek Yun, Au Yuen Mew, Chang Mau Tai, Ching Shee (Tr.), Ching Kim Yuen (Tr.), Leong Wah Chee and Leong Kwan Yau. In the verdict as rendered by the jury the plaintiff was the prevailing party and all of the persons mentioned in this assignment of error were unsuccessful defendants. The order denying them costs was correct.

In view of our conclusion, for the reasons above stated, that the verdict and the judgment against the corporation as well as against the other defendants must stand, it is unnecessary to consider the plaintiff's motion to dismiss the writ of error on the ground that the corporation "has not been made a party to the writ of error" and that "all parties to a joint judgment must join in the writ" or to consider the further question, suggested by the court and argued by counsel, whether the corporation is to be considered in law upon the record before us as a plaintiff in error and whether it is now in a position to argue any question as a plaintiff in error. The other defendants against whom the verdict was entered are not, of course, aggrieved by the fact that the verdict and the judgment provide for a recovery in favor of the plaintiff against the corporation as well as against themselves.

O'Brien, Circuit Judge, dissenting.

The judgment is affirmed.

A. G. *Smith* (*Peters & Smith* and *Smith & Wild* on the briefs) for plaintiffs in error.

B. S. *Ulrich* and *Marguerite K. Ashford* (*Thompson, Cathcart & Ulrich, S. W. Fitzherbert* and *Marguerite K. Ashford* on the briefs) for defendant in error.

DISSENTING OPINION OF CIRCUIT JUDGE O'BRIEN.

Amoy Zen, the plaintiff and wife of C. F. Zen, on July 30, 1920, instituted an action at law in the circuit court of the first circuit, against her husband and twenty-two others, as copartners doing business under the firm name of Honolulu Cracker Company, upon a promissory note in the sum of $4,000 dated March 6, 1916, payable to her order, and signed by T. M. Kon, one of the partners, on behalf of the copartnership.

The Honolulu Cracker Company, Limited, a corporation, was also joined as a party defendant, and it is alleged that the corporation was the successor in interest of said copartnership and covenanted in the partnership assignment, to wit, on June 26, 1918, that it would "pay and discharge all of said claims of what nature and kind soever properly chargeable to and against the former partnership."

The defendants filed an answer of general denial and gave notice of the defense of illegality, fraud, release, payment and discharge. This answer was subsequently amended to include the further defense of coverture. During the trial, on the motion of the plaintiff, C. F. Zen, husband of the plaintiff, was stricken as a party defendant. After both sides rested, the court directed a verdict in favor of the plaintiff for the amount of the note, together with interest and costs. From this judgment the defendants sued out a writ of error to this court.

I cannot agree with the conclusion reached by the

majority in this case. It is my opinion that in this jurisdiction a married woman cannot sue a copartnership in assumpsit on a promissory note executed by the copartnership at a time when her husband was a member of the firm. Under our statutes, a husband and wife cannot contract with each other. The obligation of copartners upon a promissory note executed in the firm name is joint. Both these premises are conceded by the majority opinion.

In *Edwards* v. *Stevens,* 3 Allen 315, the supreme court of Massachusetts decided that a married woman could not sustain an action against partners of whom her husband is one to recover compensation for services performed for them. The court said: "The express power to contract with her husband is not given in terms and there is a strong implication from various provisions that it was not contemplated by the legislature. * * * As the plaintiff could not contract with her husband, she could not contract with the other defendants jointly with him. And the agreement of dissolution cannot bind them to pay a debt due to her from the firm, because no such debt had been lawfully created." No doubt this decision is based upon the well established doctrine that the wife having lost her legal unity, she and her husband are one person in legal contemplation, and it would be absurd for a person to enter into a contract with himself.

In *Clark* v. *Patterson,* 158 Mass. 388, 33 N. E. 589, the same court held that a promissory note given by a firm to the wife of one of the partners for money loaned to him and used by the firm, is void as between the original parties.

In *National Bank of Rahway* v. *Brewster,* 49 N. J. L. 231, the supreme court of New Jersey following the rule laid down in Massachusetts, uses the following language: "Plaintiff's counsel insist that although the payees of the note, the firm of which the husband was a member, could

O'Brien, Circuit Judge, dissenting.

not have sued the defendant at law upon the note, the endorsees may do so. This proposition is based upon the notion that the only reason why a suit at law could not be maintained against the maker upon such a note is that a husband cannot maintain an action against his wife because of their unity in the law, and that therefore if the note be held by a stranger, the difficulty is overcome. But at law the contract between husband and wife is null and void and the defect is inherent in the contract which therefore cannot be enforced at law. In *Gould* v. *Gould,* 8 Stew. Eq. 37, *affirmed Id.* 562, a wife lent money to her husband's firm upon their promissory note. After his death, she brought suit at law against the surviving members of the firm. She was non-suited and it was held that in order to recover the money she must have recourse to equity."

Page on Contracts, Vol. 3, Sec. 1678, contains the following: "At common law a valid contract between husband and wife was impossible since the wife had no power to contract generally, and further the common law theory of the legal unity of husband and wife, one which in law had but one party. It was therefore unenforceable by either even after divorce or after the death of the other. * * * Under this rule a note by a wife to a partnership of which her husband is a member, is invalid."

The majority opinion is based upon the proposition that the contract in the case at bar is similar to a contract executed by a minor or an insane person, both of which are voidable. In my opinion, the contract in the case at bar is absolutely void and under no theory can it be given the effect of a voidable contract. No performance on either side can give the unlawful contract any validity or be the foundation of any right of action upon it.

While the courts refuse to permit an action to be maintained upon an unlawful contract, they have always

striven to do justice between the parties as far as could be done consistently with adherence to law, by permitting property or money parted with on the faith of the unlawful contract to be recovered back or compensation to be made for it. In such cases, however, the action is not based upon the unlawful contract, but on an implied contract of the defendant to return, or failing to do that, to make compensation for money which he has no right to retain. To maintain such an action is not to affirm but to disaffirm the unlawful contract.

The authorities cited in the majority opinion all relate to contracts made by infants and the reasoning advanced therein does not apply to the case at bar.

Being of the opinion that the contract in this case is absolutely void, it is unnecessary to determine whether the defendant in error can maintain this suit against the Honolulu Cracker Company, Limited, upon its covenant to save the partners harmless and free from obligations due the partnership. If in this jurisdiction, a creditor cannot maintain such an action, this question goes to the jurisdiction of the court to render judgment against the Honolulu Cracker Company, Limited, one of the plaintiffs in error, and in my opinion may be raised under the general assignment of errors "that the verdict in said cause is contrary to the law" and "that the judgment is contrary to the law."

In *Kennedy* v. *Sniffen,* 23 Haw. 115, Chief Justice Robertson, speaking of the general exception to the decision and judgment, uses the following language, at page 118: "Under the exceptions to the decision and judgment counsel for the defendant raise the point that the plaintiff failed to prove that he had presented his claim to the administratrix within six months from the date of the notice to creditors, and that the claim had been rejected and action brought thereon within two months thereafter

O'Brien, Circuit Judge, dissenting.

as required by statute. The record does not show that this point was raised in the court below and it is admitted that it was not raised there. Counsel for plaintiff contends that the point may not be raised for the first time in this court. The defendant made no motion for judgment, nor for a new trial, and the exception to the decision was a general one. In *McCandless* v. *Honolulu Plantation Co.,* 19 Haw. 239, 242, quoted with approval in *Ripley & Davis* v. *Kapiolani Estate,* 22 Haw. 507, 509, it was held that such an exception in a jury-waived case is too general to bring to this court a question of law which has not been called to the attention of the court below. This is in accordance with the well settled general rule that questions not properly reserved for review in the trial court will not be noticed on appeal. See 3 C. J. 689. There are some exceptions to this rule, one being that since the reason for the rule is to give an opportunity to avoid the effect of an objection, the rule does not apply where that could not have been done even though the point had seasonably been raised. 3 C. J. 740. In *Territory* v. *Puahi,* 18 Haw. 649, 655, the court noted that certain evidence could readily have been supplied had the objection been raised at the trial. New points, within the scope of the exception, may be presented. In *Kalaeokekoi* v. *Wailuku Sugar Company,* 18 Haw. 380, 385, the appellant at the suggestion of the court, urged a new ground in support of his exception to the granting of a non-suit. And in *Godfrey* v. *Rowland,* 17 Haw. 577, 585, the appellee was permitted to present a new ground in support of the judgment, the opposite party not having been misled at the trial by reason of the omission to there assert the point. In the case at bar, the plaintiff was not induced to withhold evidence because of the conduct of the defendant, and it does not clearly appear whether the plaintiff was able to prove that the claim was duly presented to

the administratrix, and that the action was brought upon its rejection within the time allowed by statute. If the plaintiff is able to make the proof he will have an opportunity to do so upon another trial, while if he is unable to do so, he is not entitled to recover and ought not to complain at the reversal of the judgment. The rule as to the necessity of raising a question in the trial court cannot well be applied where the point is one which the party may not waive. Such is the case here. That the claim was rejected and action thereon commenced within two months were material facts to be alleged and proved in order to establish the plaintiff's right to recover."

The reasoning advanced in the above authority is applicable to the case at bar. In order to sustain the judgment of the court below an appellate court must be satisfied that the lower court had both jurisdiction of the parties and the subject-matter. The prevailing party in the court below cannot complain because the appellant failed to urge either of these objections in the court below. There are many cases where appellate courts review errors of this nature, though not assigned.

In 2 Ency. Pl. & Pr. 928, the following rule appears: "Fundamental errors.—But although the court is not obliged to examine errors not assigned, generally it is permissible for it to do so in its discretion; and it usually does review jurisdictional and other fundamental errors apparent on the face of the record, though not assigned."

For the foregoing reasons I am of the opinion that the judgment should be reversed.