# IN THE MATTER OF THE ESTATE OF VIOLET MALANI, ALIAS VIOLETA KELIIHELEPO, DECEASED.

## No. 1739.

### MOTION TO DISMISS WRIT OF ERROR.

ARGUED MARCH 28, 1927.                    DECIDED APRIL 4, 1927.

### PERRY, C. J., BANKS AND PARSONS, JJ.

APPEAL AND ERROR—*assignments of error—sufficiency.*

> When the order of a probate judge adjudging who are the heirs of a deceased person and ordering the distribution of the estate among such heirs is brought to this court on a writ of error, assignments of error which merely recite that the probate judge erred in deciding that the plaintiff in error was not an heir of such decedent and was not entitled to a share in the estate without specifying in what respect the order was erroneous are too general to require consideration.

#### OPINION OF THE COURT BY BANKS, J.

This is a motion to dismiss a writ of error. The motion is based on six grounds. At the hearing all of the grounds were abandoned except the first and sixth. Of these two we need only consider the first. The first ground is that the assignment of errors is too general and indefinite to receive the consideration of the court. The first assignment of error is as follows: "The court erred in finding that Violet Malani alias Violeta Keliihelepo, deceased, was not the legitimate daughter of D. K. Keliihelepo, petitioner herein, but was an illegitimate child." It is conceded by counsel for the plaintiff in error that the other assignments of error are mere variations of the first one and are no more specific than the first one. The case is brought here for the purpose of having reviewed an order of the probate judge determin-

ing who are the heirs at law of one Violet Malani, alias Violeta Keliihelepo, deceased. The plaintiff in error claimed that he was the husband of Violet's mother and was Violet's father and therefore entitled to a distributive share of her estate. This claim was disputed by others claiming an interest in the estate and upon the trial of the issue thus presented the probate judge ordered, adjudged and decreed that the plaintiff in error was not Violet's father and therefore was without interest in her estate and that other persons designated in the order were her heirs at law.

This is the order we are asked to review. Are any of the assignments of error sufficiently definite and specific to require us to review it? The order may be erroneous for several reasons. It may be based on improper evidence. It may have been the result of excluding evidence that should have been admitted or there may not have been more than a scintilla of evidence to support it. Also it may have resulted from a misconception of some aspect of the law. None of the assignments points out any reason why the order was erroneous. They are, therefore, too general to require consideration. They cast upon the court the burden of searching the entire record to ascertain whether the probate judge committed one or more of a number of possible errors. In *Zen* v. *Koon Chan*, 27 Haw. 369, 372, this court said: "This question, however, does not arise under any of the assignments of error, unless it be under the ninth or the tenth, reading respectively, 'that the verdict in said cause is contrary to law' and 'that the judgment in said cause is contrary to law.' The statute (R. L. 1915, Sec. 2528, as amended by L. 1919, Act 44, Sec. 7) requires that 'an assignment of errors shall be filed with the application for the writ.' The purpose of the statute doubtless was to apprise the defendants in error and the court of the

issues of law sought to be presented for determination. A statement that a verdict or a judgment 'is contrary to law' is too general and vague to serve the purpose mentioned or to satisfy the statutory requirement. It does not definitely indicate to the opposite party or to the court what the precise error is which is relied upon. Under the charge that a verdict is 'contrary to law' it is possible to conceive of any one or more of a large number of possible errors as constituting the ground of attack on the verdict. What point or points are relied upon to set aside the verdict should not be left to mere surmise or to the exhaustive study of the record as a whole. The statute contemplates clear and definite information on the subject from the plaintiff in error at the time of suing out the writ." The case from which this excerpt is taken discusses the subject fully and cites the decisions of this court where the question has been considered. It is not necessary to re-cite them. The motion is sustained and the writ of error is dismissed.

*J. A. Matthewman* for the motion.

*Prosser, Anderson & Marx, A. E. Steadman* and *W. H. Beers* contra.