CITY AND COUNTY OF HONOLULU, A MUNICIPAL CORPORATION *v.* VENUS SILVA BARROS, WIDOW OF MANUEL SILVA BARROS, AND MASASHI KANDA.

NO. 2931.

ARGUED OCTOBER 27, 1954.          DECIDED NOVEMBER 29, 1954.

TOWSE, C. J., STAINBACK, J., AND CIRCUIT JUDGE FELIX IN PLACE OF LE BARON, J., ABSENT.

The City and County of Honolulu filed a petition in eminent domain for the acquisition of certain lands for a highway at Hauula to connect Kamehameha highway and Hauula homestead road. The defendant was the owner of the parcels sought to be acquired, such parcels being portions of a larger tract.

Trial was held jury waived and the court in its decision found the construction of a public highway greatly enhanced the value of the remaining portion of defendant's land; that the enhanced value of the remaining property was greater than the value of the area taken, and for these reasons no compensation or damages were allowed.

On December 9, 1952, a final order of condemnation was duly entered and on December 11, 1952, defendant filed an exception to the "Decision and Judgment heretofore filed in the above entitled cause." No other exceptions appeared in the record relative to the rulings of the judge below.

The case was brought to this court on writ of error and on December 7, 1953, a so-called "Amended Exception" was filed by the defendant whereby defendant "excepts to the Decision and Judgment heretofore filed herein on the ground that they are contrary to the law, the evidence and the weight of the evidence."

Nothing is better settled than that an exception to a verdict as contrary to the law, the evidence and the weight of the evidence upon a writ of error or a bill of exceptions brings nothing to an appellate court that it may consider.

This is based upon Article VII of the Amendments to the Constitution providing for the right of trial by jury "and no fact tried by a jury shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law."

Only questions of law upon which the trial court has

erroneously ruled may be reviewed by exceptions or writ of error. To obtain a review of the sufficiency of the evidence to support the verdict of the jury, a question of law must be presented to the appellate court.

Under the common law the verdict or findings of fact by a jury may not be reviewed in the absence of (1) either a motion for a directed verdict, (2) a motion for a new trial setting forth the reasons therefor, (3) a demurrer to the evidence, or (4) the granting or refusing of a nonsuit. The decisions to this effect are very numerous. (*Fraga* v. *Portuguese Mut. Ben. Soc.*, 10 Haw. 128; *Kaeha* v. *Namealoha*, 20 Haw. 350; *Ripley & Davis* v. *Kapiolani Estate*, 22 Haw. 507.)

"The object of an exception as contemplated by the statute is to bring to this Court a specific question of law upon which the trial court has erroneously ruled to the prejudice of the party excepting, and not to enable a party to cast the entire case upon the court for review." (*Fraga* v. *Portuguese Mut. Ben. Soc.*, 10 Haw. 128, 129.)

"One of the essential purposes of an exception is, that the attention of the trial court is thereby specifically called to a particular point of law going to the legal sufficiency of the ruling made, thus affording the court an opportunity to correct the supposed error." (*Scott* v. *Kona Development Co.*, 21 Haw. 258, 263.)

"In a long line of decisions this court has held that exceptions must be sufficiently definite and specific to call to the attention of this court a point of law *which was called to the attention of the trial court affecting the legality of its ruling, thus giving the lower court the opportunity to correct its ruling if erroneous.*" (*Ripley & Davis* v. *Kapiolani Estate*, 22 Haw. 507, 508.) (Emphasis added.)

See also: *Martinton* v. *Fairbanks*, 112 U. S. 670, 672; *Wilson* v. *Merchants' Loan and Trust Co.*, 183 U. S. 121;

*Thompkins* v. *Missouri, K. & T. Ry. Co.,* 211 Fed. 391.

As stated by Judge Thayer in *Consolidated Coal Co.* v. *Polar Wave Ice Co.,* 106 Fed. 798: "Under no circumstances will the court of appeals examine the record to ascertain what the testimony established or did not establish, except where, at the conclusion of all the evidence, a request is preferred to direct a verdict for defendant on the ground that there is no substantial evidence to support a verdict against him."

The case of *Grand Trunk Ry. Co.* v. *Ives,* 144 U. S. 408, goes even further and holds that a motion for a directed verdict for the defendants is not sufficient on bill of exceptions unless the motion sets out separately and particularly the failure to prove the specific matter alleged as error in the appellate court.

Where a case is tried jury waived the decision of the judge has the same effect as the verdict of a jury and the cases hold the findings by the trial judge stand as the verdict of the jury "and may not be reviewed unless the lack of evidence to sustain the finding has been suggested by a ruling thereon or a motion for judgment, or some motion to present to the court the issue of law so involved before the close of the trial." (*Pennsylvania Casualty Co.* v. *Whiteway,* 210 Fed. 782.)

While in a jury-waived case the Seventh Amendment of the United States Constitution would not apply and it is probable that a motion for a new trial would not alter the findings or opinion of the trial court, still if in an appropriate proceeding as a motion for a new trial the grounds of the alleged errors were set out separately and particularly it would afford "the lower court the opportunity to correct its ruling if erroneous," and thus bring to the appellate court a question of law.

In the present case the specifications of error are all based upon the one exception that the decision and judg-

ment were contrary to the law, the evidence and the weight of the evidence. In setting forth the so-called errors the defendant has attempted to obtain a review of a decision of the lower court based purely upon questions of fact. For example, the first assignment of error is that the court erred in rendering its decision and judgment for plaintiff and against defendant in refusing and failing to award the defendant just compensation, contrary to the Fifth and Fourteenth Amendments. The second is similar, asserting that the court erred in rendering its decision in favor of plaintiff and against defendant; that the benefits accruing to defendant by reason of the taking of her land exceeded the damage to the remaining land and the value of the land taken. All merely reiterate in a different form that the court erred in fixing the defendant's damages.

Under the authorities this may not be done.

This court will not review a decision and judgment at law of a lower court purely upon questions of fact. There must be presented some question of law.

Even should this court pass upon the findings of fact as set forth in the decision of the court below, there is ample evidence to sustain the same.

Sustained.

*A. K. Trask* (also on the briefs) for defendants-plaintiffs in error.

*N. Felzer,* Deputy City and County Attorney (*J. M. Morita,* City and County Attorney, with him on the brief), for plaintiff-defendant in error.